Filed 8/28/13  P. v. Evans CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THE PEOPLE, | B245990 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA402484) |
| v. | |
| INMAN EVANS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie A. Swain, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Inman Evans was charged in an information with one count of robbery (Pen. Code, § 211) with a special allegation he had personally used a handgun in committing the offense (Pen. Code, § 12022.53, subd. (b)).[1] Represented by appointed counsel, Evans pleaded not guilty and denied the special allegation.

According to the evidence at trial, Inman Evans took Jose Alvarenga's bicycle, which was parked outside a liquor store. Alvarenga yelled at him to stop, and Evans displayed a handgun inside his waistband before riding away on the bicycle. Police later found Evans in possession of Alvarenga's bicycle and arrested him.

At the conclusion of the People's evidence, the trial court denied the defense motion for judgment of acquittal (Pen. Code, § 1118.1). Thereafter, the jury convicted Evans of robbery, but found not true the firearm enhancement allegation.

At sentencing, the trial court imposed the middle term of three years in state prison. The court ordered Evans to pay a $40 court security assessment, a $30 criminal conviction assessment, a $10 crime prevention assessment and a $240 restitution fine. The court imposed and stayed a parole revocation fine pursuant to Penal Code section 1202.45. Anderson was awarded a total of 127 days of presentence credit (110 actual days and 17 days of conduct credit).

Evans filed a timely notice of appeal. We appointed counsel to represent Evans on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On May 24, 2013, we advised Evans he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

We have examined the record and are satisfied Evans's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1] The trial court struck an allegation Evans had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), finding it did not qualify as a prior strike conviction.

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**SEGAL, J.**[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.